OPINION
{¶ 1} Appellant, Edward Green, appeals from the June 20, 2002 judgment entry of the Lake County Court of Common Pleas, in which he was labeled a sexual predator.
 {¶ 2} The Lake County Grand Jury secretly indicted appellant on January 21, 1992, in Case Number 92 CR 000036 ("Case No. 92-CR-036"), with: two counts of gross sexual imposition, in violation of R.C. 2907.05, felonies of the third degree; two counts of felonious sexual penetration, in violation of R.C. 2907.12, aggravated felonies of the first degree; and four counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31, felonies of the third degree.
 {¶ 3} Thereafter, on February 19, 1992, in Case Number 92 CR 000089 ("Case No. 92-CR-089"), the grand jury secretly indicted appellant with: one count of rape, in violation of R.C. 2907.02, an aggravated felony of the first degree; one count of corruption of a minor, in violation of R.C. 2907.04, a felony of the third degree; one count of disseminating matter harmful to juveniles, in violation of R.C. 2907.31, a felony of the fourth degree; and one count of kidnapping, in violation of R.C. 2905.01, an aggravated felony of the second degree.
 {¶ 4} On February 8, 1993, in Case No. 92-CR-036, appellant entered a written plea and plea of guilty to two counts of the lesser included offense of attempted felonious sexual penetration, in violation of R.C. 2923.02 and R.C. 2907.12, aggravated felonies of the second degree; one count of gross sexual imposition; and one count of disseminating matter harmful to juveniles. On that same date, in Case No. 92-CR-089, appellant entered a plea of guilty to the following: one count of the lesser included offense of attempted rape, in violation of R.C. 2923.02 and R.C. 2907.02, one count of corruption of a minor, and one count of disseminating matter harmful to juveniles. Upon motion of the state, the trial court entered a nolle prosequi on the remaining counts of both indictments.
 {¶ 5} On February 12, 1993, Case No. 92-CR-036 and Case No. 92-CR-089 were consolidated pursuant to Crim.R. 8(A). On April 7, 1993, the trial court sentenced appellant to a prison term on each of the felony sex offenses to which he entered a plea of guilty. Thus, the trial court imposed three consecutive indefinite sentences of eight to fifteen years on appellant. The court further ordered that the minimum prison terms be served as actual incarceration.
 {¶ 6} Pursuant to R.C. 2950.09, a hearing was held on June 5, 2002, to decide if appellant was a sexual predator. Both parties stipulated to the psychiatric report. At the hearing, the trial court noted that appellant was forty two to forty three years old at the time of the offenses. The court also stated that appellant had a prior criminal record that "consist[ed] of the assault and battery conviction * * * [and] the conviction for making obscene phone calls * * *." The court found that the age of the victims was between nine and sixteen. The trial court further mentioned that "the offenses involved multiple victims * * *." The court indicated that appellant "used drugs or alcohol to impair the victim of the sexual oriented offense." The trial judge also remarked that "the Phoenix program was attended and completed, being a program for sexual offenders * * * but notes that it does appear to be a relapse prevention program."
 {¶ 7} Furthermore, the trial court found that appellant suffered from mental illness or disability, pedophilia, post traumatic stress syndrome, depression, and personality disorders, "and all seem[ed] to play a part or were associated with the offender's conduct." The court explained that there was a pattern of abuse in appellant's sexual conduct or contact. There were multiple victims over a period of time and there was a use of "obscene materials, photographs, movies, pornography, as well as the nature of the sexual conduct and sexual contact being similar in each of the two cases and with each of the individual victims." The court stated that there was "evidence of cruelty or threats of cruelty that facilitated the commission of these crimes." The trial court also believed that there were significant behavioral concerns. The court stated that:
 {¶ 8} "[it] has considered the prior obscene phone calling conviction, also the fact that there were matters harmful to juveniles disseminated, showing pornography and pornography movies to minors, taking of photographs with respect to the female minors both in the nude as well as various states of dress and undress. In addition the Court takes note of the fact of enticement, luring of the minors that resulted in the actual criminal offenses.
 {¶ 9} "* * *
 {¶ 10} "* * * the Court has considered the fact that there has been two or more criminal convictions in separate criminal actions of a sexually oriented offense. Two cases before you being separate offenses dealing with separate victims occurred at separate times."
 {¶ 11} In a June 20, 2002 entry, the trial court found by clear and convincing evidence that appellant was a sexual predator. It is from that entry that appellant timely filed the instant appeal and now assigns the following single assignment of error:
 {¶ 12} "The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence."
 {¶ 13} We do not apply a de novo standard of review when reviewing a sexual predator determination; instead, we examine whether the trial court's determination was against the manifest weight of the evidence.State v. Davis (Apr. 19, 2002), 11th Dist. No. 2000-L-190, 2002 WL 603061, at 2. In determining whether an offender should be classified as a sexual predator, the trial court may use reliable hearsay such as a presentence investigation report or victim impact statement as the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998), 83 Ohio St.3d 404, 425.
 {¶ 14} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b).
 {¶ 15} In making such analysis, the judge must consider all relevant factors, including, but not limited to: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) whether the offender previously has been convicted of or pleaded guilty to any criminal offense, completed any sentence imposed for the prior offense, and whether the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) or any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; (i) whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j); See, also, Statev. Cowoski, 11th Dist. No. 2001-L-209, 2002-Ohio-6703, at ¶ 8.
 {¶ 16} "To adjudicate a defendant as a sexual predator, the trial court need not find that a majority of these factors support such a determination; rather, the defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future." Cowoski, supra, at ¶ 9.
 {¶ 17} Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 18} In the case sub judice, the record includes clear and convincing evidence that several of the factors set forth in R.C.2950.09(B)(2), which the trial court considered, apply to appellant. At appellant's hearing, the trial court specifically discussed the factors. In addition, the June 20, 2002 judgment entry adjudicating appellant a sexual predator lists the factors from R.C. 2950.09(B)(2) it considered in determining that appellant was a sexual predator. Specifically, the trial court stated that: appellant was forty two to forty three years old; appellant had a prior criminal record; there were multiple victims who were between nine and sixteen years of age; appellant used drugs or alcohol to impair the victims; he completed a prior sentence at the Phoenix program; he suffers from mental illness, pedophilia, depression, personality disorder, and post traumatic stress disorder; and the actions demonstrated a pattern of abuse. The trial court also mentioned that appellant did not display express cruelty, but there were significant behavioral concerns, two or more convictions of sexually oriented offenses, and appellant chronically commits offenses with sexual motivation.
 {¶ 19} After reviewing the record and weighing the evidence and all reasonable inferences therefrom, we cannot conclude that the trial court lost its way. While the psychological evaluation was of the opinion that appellant would be moderately likely to commit a sexual offense in the future, the totality of the circumstances support the trial court's conclusion that appellant was a sexual predator. Therefore, based upon a review of the record, we cannot conclude that the trial court erred by classifying appellant as a sexual predator.
 {¶ 20} For the foregoing reasons, appellant's lone assignment of error has no merit. The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.